1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7

N. CHARLES PODARAS,
     Plaintiff,

    v.

CITY OF MENLO PARK, *et al.*,
     Defendants.

Case No.  14-cv-03152-SI

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS WITHOUT
LEAVE TO AMEND**

Re: Dkt. Nos. 42, 44, 62, 63, 64, 66, 67, 68,
102, 120

     Now before the Court are motions to dismiss the first amended complaint filed by all defendants.[1]  For the reasons set forth below, the Court GRANTS the motions to dismiss without leave to amend.

## BACKGROUND

     Plaintiff N. Charles Podaras, acting *in pro per* and *in forma pauperis*, filed the original complaint in this case on July 11, 2014.  The complaint named six defendants:  the City of Menlo Park; Menlo Park Police Officer Claudio Ruiz; Menlo Park Technical Services Manager Susie Eldred (retired); the Office of the Clerk of the Superior Court of San Mateo County; San Mateo County Superior Court Legal Exhibit Technician Jorge Melendez; and San Mateo County Superior Court Services Manager Janice Antonini.

     On November 21, 2014, defendants Menlo Park and Officer Ruiz moved to dismiss the

---

[1]  The motions were scheduled for a hearing on April 24, 2015 and May 15, 2015.  The motion set for May 15, 2015, filed by defendant Bruttig, has been fully briefed.  Pursuant to Civil Local Rule 7-1(b), the Court determines that all of the motions are suitable for resolution without oral argument.

complaint.[2]  On November 24, 2014, plaintiff filed the first amended complaint ("FAC").  The FAC is 154 pages, contains 397 paragraphs of factual allegations, and alleges 32 causes of action. The FAC names the same six defendants as the original complaint, as well as 19 more: Menlo Park Police Officer Burke Bruttig; Menlo Park Property Officer Nancy Gable; Menlo Park Records Officer Deborah Calvillo; Menlo Park Revenue and Claims Management Coordinator John McGirr; San Mateo County Superior Court Executive Officer/Clerk John Fitton; San Mateo County District Attorney Office; San Mateo County District Attorney James Fox; San Mateo County District Attorney Steve Wagstaffe; San Mateo County Deputy District Attorney Brian Donnellan; San Mateo County Deputy District Attorney Morris Maya; San Mateo County Deputy District Attorney Brian Raft[3]; County of San Mateo; Superior Court of California, County of San Mateo; Judicial Council of California; State Bar of California Office of Chief Trial Counsel; State Bar of California; Las Lomitas School District; Las Lomitas School District employee Dennis Hatfield; Linda Bleich, a witness at plaintiff's 2005 criminal trial, and who is appearing *pro se*; and Janet Davis, another witness at plaintiff's 2005 criminal trial, and who is also appearing *pro se*.  The FAC also names Does 1-75.  All named defendants have moved to dismiss the FAC and/or joined in motions filed by other defendants.

## I.    2009 Lawsuit

This lawsuit is related to a 2009 lawsuit that plaintiff, then represented by counsel, filed against the Menlo Park Police Department, Menlo Park Police Officer Burke Bruttig, and San Mateo County District Attorney Brian Donnellan.  *Podaras v. City of Menlo Park, et al*., C 09-4199 SI (N.D. Cal.) ("2009 Lawsuit"). Plaintiff refers to the 2009 Lawsuit beginning in paragraph 64 of the FAC and refers to the defendants in that action as the "CIV 09-4199 Defendants."

The 2009 Lawsuit sought damages pursuant to 42 U.S.C. § 1983 for violation of plaintiff's constitutional rights.  The claims alleged in the 2009 Lawsuit arose out of plaintiff's December 15,

United States District Court
Northern District of California

---

[2]  At the time defendants filed the motion, defendant Eldred, who had retired, had not been served with the complaint.  The Menlo Park defendants' motion requested that Eldred be dismissed on the same grounds that applied to the City of Menlo Park and Officer Ruiz.
[3]  The FAC erroneously sued Mr. Raft as George Raft.  The parties filed a stipulation clarifying that plaintiff intended to sue Brian Raft, and that Raft joins in the motion to dismiss.  Dkt. 31.

2005 criminal convictions on two misdemeanor charges under Cal. Penal Code §§ 243.2(a) and 245(a)(1), for battery on school property and assault. The 2009 Lawsuit alleged that in November 2004, plaintiff's dog Emerson was attacked and injured by Las Lomitas School District employee Dennis Hatfield at the La Entrada School in Menlo Park, California. C 09-4199 SI Compl. ¶ 1. Plaintiff alleged that in defense of himself and Emerson, when Hatfield refused to stop "torturing" Emerson, plaintiff pushed Hatfield and was able to free Emerson. *Id.* ¶¶ 18-19. Plaintiff alleged that Hatfield falsely accused him of assault, and that Officer Bruttig created false police reports and inaccurate and incomplete witness statements regarding the incident. *Id.* ¶¶ 23-25.

The 2009 Lawsuit alleged that Officer Bruttig recorded an on-scene interview with Hatfield, and that this microcassette recording corroborated plaintiff's version of events. *Id.* ¶¶ 21, 23. The 2009 Lawsuit also alleged that Officer Bruttig arrested plaintiff and recorded an interview of plaintiff at the police station. *Id.* ¶ 22. The 2009 Lawsuit alleged that although the San Mateo District Attorney's Office had evidence that exculpated plaintiff, including Hatfield's recorded statement and contemporaneous 911 recordings, the office nevertheless charged plaintiff on December 21, 2004, with violations of Penal Code Section 243.3(a) and 245(a)(1). The 2009 Lawsuit alleged that plaintiff's defense attorney requested that the City produce the tape recordings of Officer Bruttig's interviews of Hatfield and plaintiff, as well as the 911 recordings, and that the City delayed in producing the recordings and/or produced altered or edited recordings. *Id.* ¶¶ 26-27. Plaintiff alleged that he was tried in the San Mateo County Superior Court and found guilty by a jury on both misdemeanor counts on December 16, 2005, and that he was convicted based on false and incomplete evidence. *Id.* ¶¶ 29-31.

Plaintiff appealed, and on September 11, 2006, the Appellate Division of the San Mateo Superior Court reversed plaintiff's convictions on the ground that the jury was not given a self-defense instruction. Plaintiff was not retried, and the charges were dismissed on November 9, 2006. The 2009 Lawsuit alleged that Menlo Park, Officer Bruttig and District Attorney Donnellan conspired to fabricate and cover up evidence that led to plaintiff's criminal convictions, and alleged two claims under 42 U.S.C. § 1983: (1) conspiracy to deprive plaintiff of his right to a fair trial, and (2) malicious prosecution.

In an order filed December 28, 2009, this Court dismissed the 2009 Lawsuit with prejudice

3

on statute of limitations grounds.  The parties agreed, and the Court found, that the claims alleged in the 2009 Lawsuit accrued at the latest on November 9, 2006, when the criminal charges against plaintiff were dropped.  *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.") (footnote omitted).  The Court held that the applicable statute of limitations was two years, and thus that plaintiff's claims were untimely. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); Cal. Civ. Proc. Code section 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

The Ninth Circuit affirmed the dismissal and denied a petition for rehearing *en banc*, and the United States Supreme Court denied certiorari.  Dkt. 27, 28, 33 in C 09-4199 SI.

## II.      This lawsuit

In this lawsuit, the FAC alleges that defendants have engaged in a 10 year "conspiracy" starting with the 2004 strangling of the dog Emerson, and continuing with police and prosecutorial misconduct through plaintiff's criminal trial and post-trial legal proceedings.  The FAC alleges that the defendants connected to the 2005 criminal proceedings (Las Lomitas School District employee Hatfield, the City of Menlo Park, Menlo Park Police Officer Bruttig, Las Lomitas School District, prosecution witnesses Janet Davis and Linda Bleich, San Mateo County District Attorney Fox, San Mateo County Deputy District Attorney Donnellan, the County of San Mateo, and the San Mateo District Attorneys' Office) engaged in malicious prosecution and conspired to deprive plaintiff of his right to a fair trial by, *inter alia*, falsifying and withholding evidence, committing perjury, and making misrepresentations to the state trial and appellate courts.  FAC ¶¶ 62-134.

The FAC also alleges that during the appeal of this Court's dismissal of the 2009 Lawsuit, "Mr. Podaras was subjected to actions by County of San Mateo, City of Menlo Park, and Officer Bruttig, which appeared to be possibly obstructive or punitive, and perhaps retaliatory, in nature." *Id.* ¶ 163.  Specifically, the FAC alleges that on March 3, 2011, the Ninth Circuit calendared Mr. Podaras's appeal for oral argument on April 12, 2011, and that "only days" after the scheduling was announced, the County of San Mateo "initiated processing of a Jury Duty Summons for Mr. Podaras, demanding his service directly on the calendared Ninth Circuit date of 2011 April 12."

4

1    *Id.* ¶ 164. [4]

2        The FAC alleges that the conspiracy continued after plaintiff's 2005 criminal convictions

3    were reversed.  The FAC alleges that on November 7, 2008, plaintiff petitioned the Superior Court

4    for the County of San Mateo for a Finding of Factual Innocence.  *Id.* ¶ 135.  The FAC alleges that

5    "[i]n opposition to Mr. Podaras's Petition, [the] San Mateo County District Attorney['s] Office

6    continued a pattern of intentional and consistent factual misrepresentation," and that the District

7    Attorney's opposition to the Petition omitted relevant information and included incomplete

8    information.  *Id.* ¶ 137.  The FAC alleges that the opposition also presented content from the

9    microcassette tape recorded by Officer Bruttig.  *Id.* ¶ 139.  The FAC states that the Petition for a

10   Finding of Factual Innocence was denied.  *Id.* ¶ 140.

11       The FAC also alleges that on October 8, 2009, plaintiff filed an ethics complaint with the

12   State Bar of California Office of Chief Trial Counsel ("OCTC").  *Id.* ¶ 151.  The State Bar

13   complaint "reported a course and pattern of unethical actions by attorneys Brian Donnellan [the

14   Deputy District Attorney who prosecuted plaintiff's 2005 criminal case] and Janet Davis [a witness

15   for the prosecution in the 2005 criminal case, and an attorney], which had caused Mr. Podaras to

16   be convicted of crimes he did not commit."  *Id.*  The FAC alleges that plaintiff's complaint was

17   "summarily dismissed," and that "in responding to Mr. Podaras's State Bar Complaint, OCTC

18   ignored . . . clear evidence of misconduct."  *Id.* ¶ 156.  The FAC alleges that the "OCTC and

19   OCTC attorneys violated their ethical and professional obligations, acting in furtherance of

20   conspiracy while effectively covering for undeniable attorney misconduct by prosecutor Brian

21   Donnellan and prosecution purported witness Janet Davis."  *Id.* ¶ 158.

22       The FAC contains a number of allegations regarding the handling and ultimate destruction

23   of the original microcassette recording made by Officer Bruttig of his 2004 on-scene interview

24   with Hatfield.  The FAC alleges that in October 2012, plaintiff's original criminal trial defense

25   counsel received a notice stating that the criminal trial exhibits, including the microcassette tape of

26   Hatfield's interview, were subject to possible destruction.  *Id.* ¶ 167.  The FAC alleges that

27   plaintiff filed a number of motions, declarations and other documents in state court regarding the

---

[4]  The Court notes that the Ninth Circuit later vacated the oral argument based on the panel's
finding that plaintiff's appeal was suitable for decision without oral argument.

United States District Court
Northern District of California

disposition of the trial exhibits, including motions for reconsideration of Superior Court orders directing the Clerk to "dispose of/destroy" trial exhibits, *ex parte* motions for stays, and petitions for writs of prohibition with the state appellate courts. *Id.* ¶¶ 215-226.[5]  The FAC alleges that the appellate court ordered that plaintiff was to be provided with accurate reproductions of the trial exhibits, including the microcassette. *Id.* ¶ 226.  The FAC alleges that plaintiff received reproductions from the Superior Court:  plaintiff "was informed by Court Services Manager Janice Antonini that she had signed and executed certification of accuracy on 2013 April 18.  However when the reproductions and certifications of accuracy were eventually transferred to Mr. Podaras, with those certifications of accuracy affixed to the front of sealed envelopes containing the reproductions, the certifications bore a date of 2013 April 19." *Id.* ¶ 232.

With regard to the microcassette recording, the FAC alleges,

> Ms. Antonini further represented that the microcassette tape had been duplicated using "court equipment . . . [t]he duplications were then listened to verify accuracy and validity."  This claim was logically inconsistent with and contrary to the 2005 representations of Deputy District Attorney Brian Donnellan, made to both Mr. Podaras's original criminal trial defense counsel and the Superior Court trial judge.  At that time, when the microcassette tape had already been withheld from Mr. Podaras's counsel and was being used in malicious prosecution of Mr. Podaras, Mr. Donnellan claimed that the tape would only play audibly on Officer Bruttig's portable microcassette machine.

*Id.* ¶ 234.  The FAC alleges that "[t]he 2013 microcassette duplication provided to Mr. Podaras was in significant part unintelligible." *Id.* ¶ 236.

The FAC alleges that "[d]ue to non-performance by Office of the Clerk of the Superior Court of San Mateo County in providing the ordered duplications of audio exhibits, including the microcassette tape, Mr. Podaras on 2013 April 22 Monday filed a 2013 Motion for Order to Show Cause why Office of the Clerk of the Superior Court of San Mateo County did not comply with Superior Court's 2013 April 03 orders for duplication and reproduction of exhibits . . . ." *Id.* ¶ 240.[6]  Plaintiff requested a hearing on the motion for an order to show cause.

---

[5]  Plaintiff's filings in state court included, for example, motions requesting that the Superior Court permit plaintiff's photographer access to the exhibits "in order to make a statute-permitted pictorial record of trial exhibits before their imminent possible destruction." *Id.* ¶ 218.
[6]  The FAC alleges that the Clerk's "non-performance" included the failure to provide the exhibits

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

> [The] Office of the Clerk of the Superior Court of San Mateo County calendared an appearance for 2013 May 29 Wednesday at 9:00 am. One day before the hearing, the scheduled time was shifted from 9:00 am to 9:01 am. Mr. Podaras received no clarification for this scheduling modification, and remains unclear if the change may be tied to expiration of some defined period, such as an unknown limitations period, at 9:00 am on 2013 May 29.

*Id.* ¶ 241.

The Superior Court held a hearing on May 29, 2013. *Id.* ¶ 242. The FAC alleges that at the hearing, "Superior Court Judge Novak issued an order specifically directing only that the microcassette tape be returned to Menlo Park Police Department no later than 2013 May 31. The microcassette tape would then be available to Mr. Podaras through Menlo Park Police Department." *Id.* ¶ 247. Plaintiff alleges that Judge Novak's order "did not include instruction to destroy the microcassette tape," but that the "Office of the Clerk of the Superior Court of San Mateo County authored and released a 2013 May 29 Notice document 'Clerk of the Court's Notice of Order and Delivery' . . . [that] misrepresents the content of the specified 2013 May 29 Superior Court Order, incorrectly stating in significant part that the 'listed court exhibits (are) to be delivered to Menlo Park Police department for destruction/disposition.'" *Id.* ¶¶ 249, 252; *see also* Dkt. 45-5 (the May 29, 2013 Notice).[7] The Office of the Clerk then turned the microcassette over to the Menlo Park Police Department, and the Department destroyed the tape. *Id.* ¶ 254. Plaintiff alleges that the Court's order allowing for the destruction of the tape has deprived him of the ability to "clean up" the "antecedent effects from the wrongful conviction" in 2005. *Id.* ¶ 11.

Plaintiff also alleges that in early 2013 he discovered an exhibit in his criminal court file from a 2005 civil case in which plaintiff, then represented by counsel,[8] sued defendant Davis, *Podaras v. Davis*, (San Mateo County Superior Court Case No.: CIV 450799). Plaintiff states that the presence of the civil exhibit in his criminal case file is unexplained, and also alleges that the exhibit suggests "fraud on the court" involving Davis, Officer Bruttig, and the judge who presided

---

"by the time limit for performance" set forth in the Superior Court's orders. *Id.* ¶ 238.

[7]  The Court GRANTS defendants' requests for judicial notice of various pleadings and court documents from plaintiff's other lawsuits.

[8]  The FAC states that plaintiff was represented by a lawyer in the civil case against defendant Davis, and the docket in that case shows that plaintiff was represented and that Davis appeared *in pro per*. The Court *sua sponte* takes judicial notice of the docket of that civil action, *Podaras v. Davis*, (San Mateo County Superior Court Case No.: CIV 450799), found at www.sanmateocourt.org.

over the civil case. *Id*. ¶¶ 180, 194, 197.  The FAC identifies the exhibit at issue as exhibit three to a request for judicial notice filed by Davis on Friday, January 6, 2006, in connection with her demurrer to plaintiff's complaint. *Id*. ¶¶ 197-198.  The FAC alleges that Davis' demurrer to his complaint was granted with leave to amend, and that rather than amending his complaint he voluntarily dismissed his complaint against Davis. *Id*. ¶ 194.

Although plaintiff does not attach a copy of the exhibit, the FAC alleges that the exhibit is a "two-page record presenting a thread of internal email communication of the Menlo Park Police Department" regarding forwarding documents related to plaintiff's criminal case to Davis for use in the civil case. *Id*. ¶¶ 190, 206. According to the FAC, one of the emails in the exhibit "indicates 'One of the prosecutions (sic) witnesses is named Janet Davis.  The civil suit judge told Davis she needs to show him a copy of Podaras's booking sheet . . . (t)he judge also wants to see copies of the photos . . . so he cam (sic) dismiss this nuisance lawsuit.'" *Id*. ¶ 203 (ellipses and "sic" in FAC).  The FAC alleges that on January 6, 2006, the same day the exhibit was filed, the Superior Court judge issued a tentative ruling "refusing to judicially notice much extrinsic evidence which had been improperly requested by Ms. Davis," and also tentatively sustaining the demurrer. *Id*. ¶ 191. The Superior Court held a hearing on the demurrer the following Monday, January 9, 2006, and the judge adopted the tentative ruling and sustained the demurrer. *Id*. ¶ 198.

The FAC alleges that plaintiff "has no recollection of previously seeing or being made aware of this thread of internal email communication of the Menlo Park Police Department" before discovering the exhibit in the criminal file on January 2013, and that plaintiff's lawyer in that civil case has "confirmed that he has no recollection of ever seeing or being made away of this thread of internal email communication of the Menlo Park Police Department." *Id*. ¶¶ 201, 204. The publicly-available docket of the civil action shows that Davis filed a demurrer and two requests for judicial notice on December 8, 2005, and a "request for judicial notice item 3" on January 6, 2006. *Podaras v. Davis*, (San Mateo County Superior Court Case No.: CIV 450799) (docket found at www.sanmateocourt.org).  The minutes for the January 9, 2006 hearing, which are contained in the docket, state that the Superior Court clarified its tentative ruling upon request of plaintiff's counsel, that the court adopted its tentative ruling, and that "The request for judicial notice of the amended complaint in *People v. Podaras* as well as the court docket in that case is

granted.  The request for judicial notice is denied as to all other matters, namely items 1, 2C, 2D, 3, 4 and 5." *Id.*

Finally, the FAC alleges what plaintiff considers to be misrepresentations made to a local newspaper by the San Mateo County District Attorney Steve Wagstaffe and Menlo Park Revenue and Claims Manager John McGirr.  The FAC alleges,

> The misleading statements, factual misrepresentations and false statements of fact reported by the newspaper on 2013 December 19 oddly included (regarding Mr. Podaras's conviction) "Podaras appealed the decision to the DA's appeals board, which overturned the conviction" . . . "The appeals board is an internal department in the DA's office that reviews cases upon request after a conviction. A month later, the DA's office dropped all of the charges against Podaras."

*Id.* ¶ 278. Plaintiff alleges that this statement was incorrect because his convictions were overturned by the appellate court, not the DA's appeals board.  *Id.* ¶ 279.  The fact also alleges that "[a] false statement of fact, attributed to Mr. Wagstaffe, accused Mr. Podaras of a crime."  *Id.* ¶ 276.  The FAC does not specify this false statement of fact.

Plaintiff lists thirty-two separate causes of action in the FAC, and lists the named parties for each cause of action. The FAC does not allege or identify the specific facts in support of each claim, and instead the complaint alleges "For each Cause of Action, Plaintiff realleges each and every paragraph in this complaint as set forth in full in each Cause of Action"  FAC at p. 147. The first cause of action is typical:

> **First Cause of Action:** Violation of 42 USC Section 1983 resulting from Conspiracy to deprive Mr. Podaras of his First Amendment right to petition for redress of grievances, including where applicable through violation of Sarbanes-Oxley Act of 2002/Title VIII, 18 USC 73 section 1519.
>
> [Against Defendants: all Defendants]

*Id.*  The first eleven causes of action seek relief under 42 U.S.C. §1983 for violations of the First, Fourth and Fourteenth Amendments, and the "Sarbanes-Oxley Act of 2002/Title VIII, 18 USC 73 section 1519."  The remaining state law causes action, causes of action twelve through thirty-two, include claims for negligence, recklessness, emotional distress, breach of duties, breach of civil rights, defamation, abuse of process, and other state law claims.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**DISCUSSION**

All defendants have moved to dismiss the FAC on numerous grounds. The Court granted plaintiff leave to file a consolidated opposition, and also granted plaintiff several extensions of time to file the opposition. On March 23, 2015, plaintiff filed a consolidated opposition to all of the motions to dismiss that were then pending. On April 2, 2015, defendant Bruttig filed a motion to dismiss the FAC, and on April 16, 2015, plaintiff filed an opposition to that motion. As discussed below, the Court finds that plaintiff has failed to state a claim under federal law. The Court further finds that based upon the record before this Court, which includes the 2009 Lawsuit

United States District Court
Northern District of California

as well as the original complaint in this case and plaintiff's oppositions to defendants' motions, the Court concludes that leave to amend would be futile. The Court declines supplemental jurisdiction over all of the state law causes of action.

The FAC suffers from numerous pervasive defects. As a general matter, the Court finds that the allegations of the FAC are conclusory, speculative, and often lacking factual specificity, and that the FAC does not meet the pleading standards set forth in *Iqbal* and *Twombly*.[9] Evaluating the various allegations to determine whether plaintiff has stated a claim has proved a time-consuming task due to the FAC's great length and the manner in which it is organized. The Court finds that all of the federal claims are subject to dismissal against all of the defendants on numerous, alternative grounds.  The pages which follow address what appear to be plaintiff's primary contentions.

## I.     42 U.S.C. § 1983 claims arising out of plaintiff's 2004 arrest, criminal prosecution, and the 2005 criminal convictions

Defendants contend that to the extent plaintiff's claims arise out of his 2004 arrest, criminal prosecution, and the 2005 criminal convictions that were later reversed, those claims are barred by the statute of limitations.  Plaintiff's oppositions to defendants' motions confirm that plaintiff seeks to litigate, *inter alia*, claims that all of the defendants connected to his 2004 arrest and criminal prosecution engaged in misconduct. For example, plaintiff's opposition asserts that defendant Hatfield made misrepresentations to the police and presented perjured testimony at plaintiff's criminal trial, that the City of Menlo Park employees "participated in the initial false accusation against Mr. Podaras, the arrest, surreptitious recording, and holding of Mr. Podaras, the revising of official government files to include altered witness and 'victim' statements, the ignoring and withholding of exculpatory evidence during the investigation and prior to trial," and that defendant Bruttig "engaged in wrongful arrest, offered false reports, withheld exculpatory evidence," and engaged in other misconduct.  Consolidated Opp'n at 6 (Dkt. 107)

---

[9]   For example, plaintiff's allegations that various defendants conspired to have plaintiff summoned for jury duty on the same date as the Ninth Circuit's scheduled oral argument (subsequently vacated) on plaintiff's appeal is speculative and lacks any factual basis.  Similarly, plaintiff's allegations related to the rescheduling of a hearing from 9:00 am to 9:01 am are speculative and not plausible.

United States District Court
Northern District of California

For all of the reasons set forth in the Court's order dismissing the 2009 Lawsuit, the Court finds that these claims are barred by the statute of limitations.  These claims accrued at the latest on November 9, 2006 when the criminal charges against plaintiff were dropped.  *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.") (footnote omitted). Section 1983 does not contain its own limitations period.  The appropriate period is that of the forum state's statute of limitations for personal injury torts.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).   In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see also Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).  Thus, the limitations period on these claims expired in November 2008, well before this lawsuit was filed.

II.      **42 U.S.C. § 1983 claims related to Petition for Factual Innocence**

To the extent that plaintiff seeks to challenge the state court's denial of his Petition for Factual Innocence, those claims are barred because federal district courts, as courts of original jurisdiction, may not review the final determinations of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assoc. Law Offices v. Napolita*no, 252 F.3d 1026, 1029-30 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998). Accordingly, under the *Rooker-Feldman* doctrine, [i]f claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be

dismissed for lack of subject matter jurisdiction.  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing Feldman, 460 U.S. at 483 n.16 & 485).

The *Rooker-Feldman* doctrine bars an action in which a party essentially asks the federal court to review the state court's decision and afford that party the same remedy he was denied in state court.  *Id.* The *Rooker-Feldman* doctrine applies even when the state court judgment is not issued by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995).  The FAC does not state whether plaintiff appealed the denial of his petition for a Finding of Factual Innocence. However, to the extent plaintiff claims that the petition should have been granted, he should have pursued that relief through the state courts, not a § 1983 action in this court.[10]

### III.    42 U.S.C. § 1983 claims related to microcassette

Plaintiff alleges that the destruction of the microcassette has prevented him from "clearing up the antecedent effects of the wrongful convictions."  To the extent that plaintiff's claims regarding the microcassette relate to his claims that he was wrongfully convicted, those claims are barred by the statute of limitations for the reasons set forth above.

Defendants also argue that to the extent plaintiff challenges any other aspect of the handling of the microcassette recording, plaintiff has failed to state a claim. Defendants' papers set forth in great detail the relevant provisions of the California Penal Code relating to the handling and disposition of trial exhibits, and those provisions do not confer a right upon plaintiff to possession of the original trial exhibits. *See generally* California Penal Code §§ 1417.1, 1417.5. Plaintiff alleges that he received copies of the trial exhibits, including a reproduction of the microcassette. Plaintiff has not alleged the deprivation of any federal rights with regard to the handling or disposition of the microcassette. Further, to the extent plaintiff claims that the state courts improperly ruled on his various motions related to the trial exhibits and the microcassette in particular, those claims are barred by the *Rooker-Feldman* doctrine.   Similarly, to the extent that

---

[10]   To the extent plaintiff challenges any of the numerous state court rulings in the various proceedings discussed in the FAC, those claims are barred by *Rooker-Feldman*.

plaintiff alleges that certain Menlo Park defendants improperly destroyed the microcassette, those claims are not plausible in light of the fact that the Superior Court Clerk's Notice explicitly provided for the "destruction" of the exhibits.

**IV.    42 U.S.C. § 1983 claims related to plaintiff's 2005 civil case against Janet Davis**

Plaintiff alleges that in 2013 he discovered an exhibit from his 2005 civil case against defendant Davis in his criminal case file, and that this exhibit "suggests" that Davis, Bruttig, and the judge who presided over the 2005 civil case may have engaged in misconduct and a "fraud on the court."

The Court finds that plaintiff has failed to state a claim. Although plaintiff alleges that he has no recollection of seeing this exhibit, and that his lawyer has "confirmed" to him that the lawyer also has no recollection of seeing this exhibit, the FAC alleges – and the publicly available court docket shows – that the exhibit was filed on January 6, 2006. Thus, regardless of whether plaintiff and his lawyer actually reviewed the exhibit, the exhibit was filed in the court record and plaintiff and his lawyer are charged with constructive notice of that fact. Further, the minutes of the January 9, 2006 hearing state that the judge denied Davis's request for judicial notice of that exhibit, thus providing further notice to plaintiff and his lawyer of the existence of Exhibit 3.  As such, any claim plaintiff has regarding a "fraud on the court" arising from this exhibit is time-barred.

Equally as important, the allegations of a "fraud on the court" are not plausible.  Plaintiff alleges that Davis sought judicial notice of an exhibit that, according to plaintiff, demonstrates on its face misconduct by Davis, Bruttig and the judge.  "Most fraud on the court cases involve a scheme by one party to hide a key fact from the court and the opposing party."  *U.S. v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) ("In order to show fraud on the court, Taxpayers must demonstrate, by clear and convincing evidence, an effort by the government to prevent the judicial process from functioning 'in the usual manner.'").  Here, plaintiff does not allege that Davis or Bruttig sought to hide key facts from the court or from plaintiff, but rather the opposite: that Davis sought judicial notice of the very exhibit that supposedly shows improper conduct.

United States District Court
Northern District of California

**V.    42 U.S.C. § 1983 claims against State Bar defendants**

Plaintiff alleges that he complained to the State Bar that Deputy District Attorney Donnellan committed misconduct while prosecuting plaintiff's criminal case, and that Janet Davis, a witness at the criminal trial who is also an attorney, also committed misconduct.  FAC ¶¶ 151-162.  The FAC alleges that when the State Bar declined to bring disciplinary charges against Donnellan and Davis, plaintiff filed a Verified Accusation Against Attorneys with the Supreme Court of California.  *Id.* ¶ 158.  The FAC alleges that "it is reasonable to conclude and therefore allege that in furtherance of conspiracy, the OCTC dismissal of Mr. Podaras's State Bar Complaint was made as an element of an endeavor to improperly influence then-active proceedings pertaining Mr. Podaras's 2009 CV 09-4199-SI 42 U.S.C. section 1983 Complaint; and/or in endeavor at that time to mislead this Court and/or United States Court of Appeals for the Ninth Circuit."  FAC ¶ 160.  The FAC also alleges that plaintiff was denied information about when and where former San Mateo Assistant District Attorney James Fox was sworn in as a Board of Trustee member.  *Id.*  ¶¶ 292-296.

The Court concludes that plaintiff's federal claims against the State Bar are barred as a matter of law.  "[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court."  *MacKay v. Nesbett*, 412 F.2d 846, 846 (9th Cir. 1969); *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005) (holding *Rooker-Feldman* doctrine bars a plaintiff's claims that that defendants failed to properly apply state bar rules to the plaintiff's disciplinary action).  Thus, plaintiff's claims against the State Bar regarding the dismissal of his complaints against Donnellan and Davis are precluded.  In addition, plaintiff's allegation that the OCTC's dismissals were part of a conspiracy to influence this Court or the Ninth Circuit is conclusory, speculative and lacking any factual basis.  Finally, plaintiff's allegation that the State Bar did not provide him with information regarding James Fox does not state a claim because plaintiff fails to allege the deprivation of a federal right.

**VI.     42 U.S.C. § 1983 claims related to Sarbanes-Oxley Act**

Plaintiff may not bring a claim for alleged violations of the Sarbanes-Oxley Act.  *See In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1230 (9th Cir. 2008).


**VII.    42 U.S.C. § 1983 claims related to alleged defamation**

It is unclear whether plaintiff brings any federal claims related to allegedly defamatory statements made by defendants Wagstaffe and McGirr.  To the extent plaintiff does bring such a § 1983 claim, plaintiff has failed to state a claim.  The FAC does not specifically identify any allegedly defamatory statements except that defendant Wagstaffe allegedly said that plaintiff's convictions were overturned by the DA's appeals board rather than by the state appellate court.  This allegation does not allege the deprivation of a federal right.



**CONCLUSION**

The Court finds that leave to amend would be futile because plaintiff cannot cure the deficiencies identified in this order. Accordingly, the Court GRANTS defendants' motions to dismiss this action without leave to amend.  All other pending motions are DENIED AS MOOT.


**IT IS SO ORDERED.**


Dated: April 30, 2015

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

16