UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N CHARLES PODARAS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MENLO PARK, et al.,<br><br>Defendants. | Case No. 14-cv-03152-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 138 |

On April 30, 2015, the Court filed an Order Granting Defendants' Motion to Dismiss Without Leave to Amend and also entered judgment against plaintiff and in favor of defendants. Dkts. 136 and 137. On May 28, 2015, plaintiff filed a motion to alter or amend the judgment and/or for relief from the judgment pursuant to F.R.C.P. 59(e), 60(b)(3), and 60(b)(6). Plaintiff asserts that the Court's April 30, 2015 order was "predicated upon misreading and mistaken understanding of facts as presented by Plaintiff." Dkt. 138 at 2:19-20. Plaintiff argues that the Court's Order was "clearly in error and results in a manifest injustice, and should be reconsidered." *Id*. at 2:25-26. Plaintiff has filed a declaration in support of the motion, in which he sets forth his arguments in support of reconsideration. All defendants have filed oppositions to the motion. Dkts. 140-144.

"Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Federal Rule of Civil Procedure 60(b)(3) and (6) provides relief for "fraud, misrepresentation, or misconduct by an opposing party" or "any other reason that justifies relief," respectively. Fed. R. Civ. Proc.

60(b)(3) and (6).

The Court has reviewed the parties' papers and concludes that there is no basis for setting aside the judgment. Many of the arguments contained in plaintiff's declaration simply repeat allegations and arguments that the Court considered and found lacking.

Plaintiff also asserts that the Court and defendants "misunderstood" the allegations of the FAC by asserting new facts in his declaration that were not alleged in the FAC nor discussed in plaintiff's opposition to defendants' motions to dismiss the FAC. For example, plaintiff argues that the Court and the San Mateo County defendants misunderstood the nature of his defamation claim against defendant Steve Wagstaffe. The FAC alleged that Wagstaffe made a defamatory statement that plaintiff's convictions were overturned by the District Attorney's appeals board rather than by the state appellate court, and the Court addressed that allegation in the order. *See* FAC ¶¶ 278-79; Dkt. 136 at 16:5-11. Plaintiff now claims that the actual defamatory statement by defendant Wagstaffe is when he allegedly said, "Podaras became angry and attacked the man." Dkt. 138, Decl., pg. 9 at ¶19:12-13. Plaintiff never cited this statement in his FAC or opposition to the motion to dismiss, and cannot raise previously available facts in a motion to alter or amend. *See Zimmerman*, 255 F.3d at 740 ("[A] party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable."). In any event, even if plaintiff had previously included this factual allegation, or any of the other "new" facts contained in plaintiff's declaration, the Court nevertheless would have dismissed those claims.

In sum, for all of the reasons set forth in the Court's April 30, 2015 order and in defendants' oppositions to the instant motion, the Court finds that dismissal of the FAC was appropriate and there is no basis for altering or amending the judgment. Accordingly, the Court DENIES plaintiff's motion to alter or amend the judgment.

**IT IS SO ORDERED.**

Dated: June 19, 2015

_____
SUSAN ILLSTON
United States District Judge